IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER ROSSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-12-1024-C |
| ) | |
| JOHN HENRY ROSSER III, and ) | |
| CARLA D. HADDOX, JUDGE OF ) | |
| THE ABSENTEE SHAWNEE TRIBAL ) | |
| COURT, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action seeking two forms of relief. First, the Plaintiff requests the Court to issue a writ of habeas corpus, ordering the return of her daughter, K.T., who she alleges is being illegally detained. Second, Plaintiff requests a declaratory judgment, determining that the Absentee Shawnee Tribal Court lacks jurisdiction over a non-member of its tribe in a divorce action filed by Plaintiff in the District Court of McClain County, State of Oklahoma.

Defendant John Rosser has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that Plaintiff has failed to state a claim for relief, in that she has failed to exhaust state and tribal court remedies. According to Defendant Rosser, Plaintiff cannot proceed here, as she has cases pending in both the tribal court and the District Court of McClain County seeking the same relief sought here; in addition he argues Plaintiff's failure to exhaust the available state court remedies deprives this Court of jurisdiction over the claims she brings. Defendant Judge Haddox also seeks dismissal of the claims against her,

arguing the claims Plaintiff pursues arise from actions she took as a judicial officer, and she is entitled to absolute judicial immunity. Alternatively, Judge Haddox seeks dismissal based on a failure to exhaust or failure to state a claim for relief. Plaintiff objects, arguing that Judge Haddox is a proper defendant in a habeas action. However, Plaintiff offers no meaningful development of this argument in her Response brief.

> As Judge Haddox correctly notes, the Supreme Court has stated:
>
> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."

Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (citations omitted). Plaintiff argues that it is common practice in state court to name a judge as a defendant in a habeas action. Whether that is proper or not in state court, this Court is bound by Federal law. That precedent dictates that the proper Defendant in a habeas action is the party with actual custody of the child. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59 (1978). Here, that party is Defendant Rosser. Accordingly, Defendant Judge Haddox is entitled to dismissal of the claims against her. The scope of judicial immunity would render any attempt at further amendment of the claims against Defendant Judge Haddox futile.

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence

of which ordinarily cannot be resolved without engaging in discovery and eventual trial.

> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (internal citations and quotations omitted). Therefore, the dismissal will be with prejudice.

The Court turns now to the claims against Defendant Rosser. Plaintiff married Defendant Rosser in 2005 and remained married to him until 2010. In July of 2010, Plaintiff agreed to a limited temporary guardianship of K.T. for a period of ten days. Defendant John Rosser is not the father of K.T. and therefore he is a legal stranger to K.T. In August of 2010, Plaintiff signed a Decree of Divorce issued in the Absentee Shawnee Tribal Court, agreeing to divorce Defendant John Rosser. That Decree gave custody of her younger two children to Defendant John Rosser, who is the father of those children. The decree made no provision for custody of K.T. In October of 2010, Plaintiff moved back into Defendant John Rosser's home and purportedly established a common law marriage. In May of 2012, Plaintiff entered a shelter for battered women, along with her three children. In June of 2012, the Absentee Shawnee Tribal Court issued a writ of habeas corpus, demanding that Plaintiff return all three children, including K.T., to Defendant John Rosser. Plaintiff complied with this Order and to date Defendant John Rosser retains custody of all three children, including K.T. Plaintiff then filed a divorce proceeding in the District Court of McClain County, Oklahoma, while

Defendant John Rosser proceeded with a similar action in the Absentee Shawnee Tribal Court. Additionally, Plaintiff filed her action here seeking the relief noted above.

Faced with a motion to dismiss pursuant to 12(b)(6), the Court must examine the specific allegations in the Complaint and determine whether they plausibly support a legal claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).[1] Through this lens, the Court finds that at least a portion of Plaintiff's Complaint survives Defendant Rosser's challenge.

As noted above, Plaintiff seeks two forms of relief. First, a writ of habeas corpus ordering the return of her daughter, K.T., and, second, a declaratory judgment determining the jurisdiction of the tribal court. 25 U.S.C. § 1303 provides that a writ of habeas corpus shall "be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." Although as a general matter courts will not use this statute to intervene in child custody determinations, the facts as alleged in this case warrant a departure from the usual practice. According to the allegations in Plaintiff's Complaint, the tribal court has ordered custody of K.T. be awarded to a person who has no legal status to her. Thus, this case is distinguishable from the typical child custody dispute where the losing party is simply seeking a different court's take on a custody determination between two parties. Because

---

[1] Although Defendant Rosser also raises a motion pursuant to 12(b)(1), because resolution of this motion is intertwined with resolution of the case on the merits, the Court's consideration of the 12(b)(1) motion must proceed under the standards applicable to a 12(b)(6) motion. See Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

Plaintiff has set forth allegations which state a plausible claim for relief under § 1303, Defendant Rosser's Motion to Dismiss pursuant to 12(b)(6) will be denied.[2]

Plaintiff's second claim for relief seeks a declaration that the tribal court must cede its jurisdiction over her based on the action she filed in McClain County. This claim fails for a number of reasons. First, the Court lacks subject matter jurisdiction to consider the claim. The Declaratory Judgment Act does not confer subject matter jurisdiction. See Cardtoons v. Major League Baseball Ass'n, 95 F.3d 959, 964 (10th Cir.1996). None of the bases for jurisdiction set forth by Plaintiff in her Complaint establish grounds for the exercise of subject matter jurisdiction over her declaratory judgment request. Therefore, the Court lacks subject matter jurisdiction over this claim by Plaintiff.

Additionally, after the parties filed their briefs in this case, the District Court of McClain County held a hearing where it determined it did not have jurisdiction to hear Plaintiff's petition for divorce filed in that court, as the tribal court had continuing jurisdiction over any marriage between the parties. Thus, Plaintiff's second claim for relief, as set forth

---

[2] That the Court decides the habeas claim survives does not mean that it always will. Defendant Judge Haddox's Motion to Dismiss provides additional information about the proceedings involving K.T. According to Judge Haddox, the Tribal Court determined in 2010 that K.T. was in need of permanent guardianship and appointed Defendant Rosser as that guardian. If true, K.T. would not be held by Defendant Rosser without authority. If Defendant Rosser provides documents to support Judge Haddox's statements, the Court would revisit the issue, as Plaintiff's recourse at that time would likely be limited to a challenge that the guardianship was improper or that any need for it has passed. This Court would not have jurisdiction over these issues and Plaintiff's request for habeas relief would be premature until Plaintiff had exhausted any available remedies in state and/or Tribal Court.

in her Complaint, is moot. There is no longer any state court proceeding pending. The fact that Plaintiff may appeal the determination of the state court judge does not alter this effect.

Finally, the issues surrounding Plaintiff's second claim for relief are not properly pursued in this Court. Plaintiff seeks to have this Court determine which of two courts should hear her case. A determination of that type is not a proper use of the declaratory judgment process.

For the reasons set forth herein, Defendant Rosser's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter and Failure to State a Claim (Dkt. No. 6), is DENIED IN PART and GRANTED IN PART. This Court retains Plaintiff's claim seeking a writ of habeas corpus for the return of the child, K.T. Plaintiff's claim seeking to challenge the jurisdiction of the Absentee Shawnee Tribal Court is dismissed without prejudice. Defendant Carla Haddox's Motion for Extension of Time to Respond to Application for Writ of Habeas Corpus and Petition for Declaratory Judgment (Dkt. No. 13) is GRANTED. The Motion to Dismiss for Lack of Jurisdiction Due to Judicial Immunity, Lack of Jurisdiction over the Subject Matter and Failure to State a Claim filed by Defendant Carla Haddox (Dkt. No. 15) is GRANTED. Plaintiff's claims against Judge Haddox are DISMISSED with prejudice. A separate Judgment will issue at the close of the case.

IT IS SO ORDERED this 30th day of January, 2013.

ROBIN J. CAUTHRON
United States District Judge